IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| GARY BOOKER | § | |
|---|---|---|
| PLAINTIFF | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:10-CV-02390 |
| | § | JURY |
| | § | |
| | § | |
| ALLSTATE INSURANCE CO., | § | |
| ALLSTATE TEXAS LLOYD'S, | § | |
| HAAG ENGINEERING CO., and | § | |
| JOHNNY ROZELL, INDIVIDUALLY | § | |
| DEFENDANTS | § | |

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

GARY BOOKER, ("Plaintiff") files this *First Amended Original Petition,* against Defendants, ALLSTATE INSURANCE COMPANY, ("ALLSTATE") ALLSTATE TEXAS LLOYD'S ("LLOYDS") HAAG ENGINEERING CO. (HAAG) and JOHNNY ROZELL ("ROZELL") and would respectfully show the following:

### I.
### DISCOVERY CONTROL PLAN

1. Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery plan tailored to the particular circumstances of this suit.

### II.
### PARTIES

2. Plaintiff, GARY BOOKER is an individual residing in Harris County, Texas

3. Defendant, ALLSTATE TEXAS LLOYD'S, INC., is a insurance company incorporated in the State of Texas with a Texas Department of Insurance Number: 5231 and a license to sell insurance in Texas and is engaged in the business of insurance in the State of Texas, including Harris County, Texas. This Defendant has already made an appearance.

4. Defendant, ALLSTATE INSURANCE COMPANY, is a foreign corporation with a Texas Department of Insurance Number: 1500 organized and existing under the laws of the State of Illinois, and does not maintain a regular place of business or a designated agent for service of process in Texas. This Defendant has already made an appearance.

5. Defendant, HAAG ENGINEERING CO., is a corporation organized under the law of the State of Texas, and the cause of action arises out of this Defendant's business activities in the State of Texas. This Defendant has already made an appearance.

6. Defendant, JOHNNY ROZELL is an individual residing in and domiciled in the State of Texas. This defendant may be served with personal process by a process server at his place of employment Allstate Insurance Company P.O. Box 672041, Dallas, TX 75267.

### III.
### JURISDICTION

7. The Court has jurisdiction over the cause of action because the amount in controversy is within the jurisdictional limit of the Court.

8. The Court has jurisdiction over Defendants ALLSTATE and LLOYD's because Defendants engaged in the business of insurance in the State of Texas and the cause of action arises out of Defendants business activities in the State of Texas.

9. The Court has jurisdiction over Defendant HAAG because this Defendant engages in the business of engineering and adjusting claims in the State of Texas, and Plaintiff's causes of action arise out of HAAG's business activities in the State of Texas.

10. The Court has jurisdiction over Defendant JOHNSON because he engaged in the business of insurance in the State of Texas and this cause of action arises out of Defendant's business activities in the State of Texas.

## IV.
## VENUE

11. Venue is proper in Harris County, Texas because the insured property is situated in Harris County, Texas. Tex. Civ. Prac. & Rem. Code. § 15.032.

12. The damage to Plaintiff for which it made a claim to ALLSTATE for insurance proceeds was incurred in Harris County, Texas as a result of a hurricane that traveled through Harris County, Texas.

13. Plaintiff makes claims of unfair claims handling practices and the claim made the basis of this suit was adjusted, if it was properly adjusted, by representatives of ALLSTATE, LLOYD's and HAAG who conducted claim handling activities in Harris County, Texas.

14. This case involves a breach of contract and deceptive trade practices where the breach and deceptive acts occurred in Harris County, Texas.

## V.
## FACTS

15. Plaintiff was assigned Texas Residential Policy No. 216070707 issued by Defendant, ALLSTATE ("The Policy.") Plaintiff resides at 3627 Aldergrove, Spring, TX 77388 the insured property ("The Property").

16. ALLSTATE sold the policy, insuring the property that is the subject of this lawsuit. The Plaintiff suffered significant losses with respect to the property at issue, and suffered additional expenses as a result of Hurricane Ike.

17. Plaintiff submitted a claim to ALLSTATE and LLOYD's with the date of loss September 13, 2008 for damages to his home as a result of Hurricane Ike. The damage to Plaintiff's Property is extensive.

18. ALLSTATE and LLOYD's assigned Claim Number: 0152541843 to Plaintiff's claim.

19. Plaintiff filed a claim for property damages resulting from damages to the PROPERTY and provided detailed documentation of losses, including detailed estimates of damages, and repair cost. Despite having received the documentation of the losses caused by Hurricane Ike, ALLSTATE and LLOYD's have failed and refused to pay the full amount of the claim that is due.

20. ALLSTATE and LLOYD's assigned ROZELL to adjust the claim. ROZELL inspected the property with the Plaintiff. ROZELL inspected the roof framing system and noted that some rafters and ceiling joist on the right side of the risk appear to be pulling apart. There were other areas of damage that we open and obvious that ROZELL failed to note.

21. The exterior brick suffered cracks in multiple areas. The interior walls and ceiling suffered numerous cracks. The ceilings in various rooms throughout the Property have various size water stains as a result of roof leaks. Also, there are many cracked tiles on Plaintiff's roof.

22. ALLSTATE, LLOYD's and/or ROZELLE retained HAAG to inspect the PROPERTY and prepare an engineering report. HAAG assigned the claim to Denis D. Olsovsky. HAAG is known to write outcome-oriented reports favorable to the insurance company, which limit or eliminate the scope of damages suffered by the insured. HAAG works predominately for insurance companies. Not surprisingly, HAAG concluded the damage to Plaintiff's property was caused by prior foundation movement and continued movement of the foundation. HAAG

4

also concluded the Hurricane Ike winds were not strong enough to cause structural damage to the Property.

23. The foundation was repaired approximately twenty years ago, although Rozell inaccurately states the repair was done ten years ago. Prior inspections by ALLSTATE and LLOYD's would have clearly revealed the state of damage Plaintiff's Property is currently suffering. If the Plaintiff's Property was damaged to the extent it is currently damaged, ALLSTATE and LLOYD's would not have insured the property.

24. ALLSTATE and LLOYD's wrongfully denied Plaintiff's claim for repairs to the PROPERTY, even though THE POLICY provided coverage for losses such as those suffered by Plaintiff. Furthermore, ALLSTATE and LLOYD's have not paid Plaintiff anything on his claim by not providing full coverage for the damages sustained by the Plaintiff as well as under scoping the damages during their investigation. Additionally, ALLSTATE and LLOYD's continue to delay in the payment of damages to the property. As such, Plaintiff has not been paid a single penny.

25. DEFENDANTS ALLSTATE, LLOYD's HAAG and ROZELL misrepresented to Plaintiff that the damage to the PROPERTY was not covered under THE POLICY and not a result of Hurricane Ike, even though the damage was caused by a covered occurrence. DEFENDANTS ALLSTATE, LLOYD's, HAAG and ROZELL's conduct constitutes a violation of the Texas Insurance Code. TEX. INS. CODE. § 541.060(a)(1).

26. DEFENDANTS ALLSTATE, LLOYD's HAAG and ROZELL failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. DEFENDANTS ALLSTATE, LLOYD's, HAAG and ROZELL's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE. § 541.060(a)(2)(A).

27. DEFENDANTS ALLSTATE, LLOYD's, HAAG and ROZELL failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, DEFENDANTS ALLSTATE, LLOYD's and HAAG failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, DEFENDANTS ALLSTATE, LLOYD's and HAAG did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the POLICY, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. DEFENDANTS ALLSTATE, LLOYD's, HAAG and ROZELL's conduct is a violation of the Texas Insurance Code. TEX. INS. CODE. § 541.060(a)(3).

28. DEFENDANTS ALLSTATE, LLOYD's, HAAG and ROZELL failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from DEFENDANTS ALLSTATE, LLOYD's, HAAG and ROZELL. DEFENDANTS ALLSTATE, LLOYD's, HAAG and ROZELL's conduct constitutes a violation of the Texas Insurance Code. TEX. INS. CODE. § 541.060(a)(4).

29. DEFENDANTS ALLSTATE, LLOYD's, HAAG and ROZELL refused to fully compensate Plaintiff, under the terms of the Policy, even though DEFENDANTS ALLSTATE, LLOYD's, HAAG and ROZELL failed to conduct a reasonable investigation. Specifically, DEFENDANTS ALLSTATE, LLOYD's, HAAG and ROZELL performed an outcome oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the Property. DEFENDANTS ALLSTATE, LLOYD's, HAAG and ROZELL's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE. § 541.060(a)(7).

30. ALLSTATE and LLOYD's failed to meet its obligations under the Texas Insurance Code regarding acknowledging Plaintiff's claim, beginning investigations into Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim within fifteen (15) days of receiving notice of Plaintiff's claim. ALLSTATE and LLOYD's conduct constitutes a violation of the *Texas Prompt Payment of Claims Act*. TEX. INS. CODE. Section 542.055.

31. ALLSTATE and LLOYD's failed to accept or deny Plaintiff's full and entire claim within fifteen (15) business days of receiving all required information. ALLSTATE and LLOYD's conduct constitutes a violation of the *Texas Prompt Payment of Claims Act*. TEX. INS. CODE. Section 542.056.

32. ALLSTATE and LLOYD's failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, ALLSTATE and LLOYD's have delayed full payment of Plaintiff's claim longer than allowed and to date Plaintiff has not yet received full payment for the claim. ALLSTATE and LLOYD's conduct constitutes a violation of the *Texas Prompt Payment of Claims Act*. TEX. INS. CODE. Section 542.058.

33. From and after the time Plaintiff's claim was presented to ALLSTATE and LLOYD's, the liability of ALLSTATE and LLOYD's to pay the full claim in accordance with the terms of the policy were reasonably clear. However, ALLSTATE and LLOYD's have refused to pay Plaintiff in full, despite there being no basis for which a reasonable insurance company would have relied on to deny full payment of Plaintiff's claim. ALLSTATE and LLOYD's conduct constitutes a breach of the common law duty of good faith and fair dealing.

34. As a result of the acts and omissions of ALLSTATE, LLOYD's, HAAG and ROZELL, Plaintiff was forced to retain the attorneys who are representing Plaintiff in this cause of action.

35. Plaintiff's experience is not an isolated case. The acts and omissions ALLSTATE, LLOYD's HAAG committed in this case, or similar acts and omissions, occur with such frequency they constitute a general business practice of ALLSTATE, LLOYD's, and HAAG with regard to handling these types of claims. ALLSTATE, LLOYD's, and HAAG's entire process is unfairly designed to reach favorable outcomes for the insurance company at the expense of the policyholder. All of these actions are violations of the Texas Insurance Code.

## VI.
## CAUSES OF ACTION

36. Defendant ALLSTATE and LLOYD's committed an anticipatory breach of the insurance contract thus relieving Plaintiff of any corresponding obligation on the contract. ALLSTATE and LLOYD's denial of liability without justification was unreasonable and just.

37. ALLSTATE and LLOYD's denial of liability before suit was filed and delay in requesting appraisal in this case resulted in waiver.

38. Defendant ROZELL is individually liable for his unfair and deceptive acts, irrespective of the fact he was acting on behalf of ALLSTATE and LLOYD's, because he is a "person" as defined by TEX. INS. CODE. § 541.002(2). The term person is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyd's plan fraternal benefit society or other legal entity engaged in the business of insurance, including an agent, broker, adjuster or life and health insurance counselor." TEX. INS. CODE. § 541.002(2) (emphasis added).

### A. BREACH OF CONTRACT

39. Paragraphs 1 through 38 are incorporated by reference.

40. Defendant ALLSTATE and LLOYD's conduct, as described above, constitutes a breach of the insurance contract entered into between Plaintiff and Defendants.

41. ALLSTATE and LLOYD's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do so under the terms of the policy in question and under the laws of the State of Texas, constitutes a material breach of the insurance contract with Plaintiff. Plaintiff has suffered damages in the form of actual damages, consequential damages and reasonable and necessary attorney's fees.

42. ALLSTATE and LLOYD's breach proximately caused Plaintiff's injuries and damages. All conditions precedent required under the Policy have been performed, excused, waived or otherwise satisfied by Plaintiff.

### B. VIOLATIONS OF THE TEXAS INSURANCE CODE

43. Paragraphs 1 through 42 are incorporated by reference.

44. ALLSTATE and LLOYD's, HAAG and ROZELL's (DEFENDANTS) conduct constitutes multiple violations of the *Texas Unfair Compensation and Unfair Practices Act.* TEX. INS. CODE Chapter 541. All violations under this article are made actionable by TEX. INS. CODE Section 541.151.

45. DEFENDANTS unfair practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Section 541.051, 541.060(1) and 541.061.

46. DEFENDANTS unfair settlement practices, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims, even though Defendant's liability under the policy was reasonably clear, constitutes an unfair method of competition and

an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Section 541.051, 541.060(2)(A) and 541.061.

47. DEFENDANTS unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE. Sections 541.051, 541.060(3) and 541.061.

48. DEFENDANTS unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of Plaintiff's claim or to submit a reservation of right to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Section 541.051, 541.060(4) and 541.061.

49. DEFENDANTS unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation constitutes an unfair method of competition and unfair and deceptive act or practice in the business of insurance. INS. CODE Section 541.051, 541.060(7) and 541.061.

### C. NON COMPLIANCE WITH TEXAS INSURANCE CODE CHAPTER 542

50. Paragraphs 1 through 49 are incorporated by reference.

51. ALLSTATE and LLOYD's conduct constitutes multiple violations of the *Texas Prompt Payment of Claims Act*. TEX. INS. CODE Chapter 542. All violations made under this article are made actionable by TEX. INS. CODE Section 542.060.

52. ALLSTATE and LLOYD's failure, as described above, to acknowledge receipt of Plaintiff's claim, commence an investigation of the claim, and request from Plaintiff all items, statements,

and forms they reasonably believed would be required within the applicable time constraints, constitutes a non-payment of the claim. TEX. INS. CODE Sections 542.055-542.060.

53. ALLSTATE and LLOYD's delay of payment of Plaintiff's claim, as described above, following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, constitutes a non-prompt payment of the claim. TEX. INS. CODE Sections 542.055-542.060.

### D. BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

54. Paragraphs 1 through 53 are incorporated by reference.

55. ALLSTATE and LLOYD's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to the insured in insurance contracts.

56. ALLSTATE and LLOYD's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although at the time ALLSTATE and LLOYD's knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### E. FRAUD

57. Paragraphs 1 through 56 are incorporated by reference.

58. DEFENDANTS are liable to Plaintiff for common law fraud.

59. Each and every one of the representations, as described above, concerned material facts for the reason Plaintiff would not have acted and which DEFENDANTS knew were false or made recklessly without any knowledge of their truth as a positive assertion.

60. The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, there causing Plaintiff to suffer injury and constituting common law fraud.

### F. CONSPIRACY TO COMMIT FRAUD

61. Paragraphs 1 through 60 are incorporated by reference.

62. DEFENDANTS are liable to Plaintiff for conspiracy to commit fraud. DEFENDANTS were a member of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiff, DEFENDANTS committed an unlawful, overt act to further the object or cause of action. Plaintiff suffered injury as a proximate result.

### G. KNOWLEDGE AND INTENT

63. Paragraphs 1 through 61 are incorporated by reference.

64. Each of the acts described above, together and singularly, were done "knowingly" and "intentionally" by DEFENDANTS with conscious indifference to the harm that would result to Plaintiff and were producing causes of Plaintiff's damages described herein.

### H. TEXAS DECEPTIVE TRADE PRACTICES ACT

65. Paragraphs 1 through 64 are incorporated by reference.

66. Defendant ALLSTATE and LLOYD's conduct violated the Texas Deceptive Trade Practices Act, TEX. BUS. & COM. CODE Section 17.41, *et seq.*, (D.T.P.A.) by engaging in false, misleading or deceptive acts and practices.

67. Each of the acts described above, together and singularly, constitutes a violation

of the D.T.P.A., pursuant to the tie-in provision for Insurance Code Violations. Accordingly, Plaintiff also brings each cause of action alleged above under the D.T.P.A., pursuant to the tie-in provision.

68. Plaintiff was a "consumer" in that Plaintiff acquired the policy by assignment and the insurance contract forms the basis of this action. TWIA has violated the D.T.P.A., in the following ways:

a. ALLSTATE and LLOYD's misrepresented to the claimant-insured a material fact or policy provision relating to coverage at issue;

b. ALLSTATE and LLOYD's failed to attempt in good faith to effectuate a prompt, fair and equitable settlement of the claim with respect to which the insurer's liability became reasonably clear;

c. ALLSTATE and LLOYD's refused to pay the claim without a reasonable investigation on its part with respect to the claim.

## VII.
## REQUEST FOR DISCLOSURE

69. Paragraphs 1 through 68 are incorporated by reference.

70. Pursuant to TRCP Rule 194, Plaintiff requests that DEFENDANTS disclose the materials described in TRCP Rule 194.2.

## VIII.
## DAMAGES AND PRAYER

71. Paragraphs 1 through 70 are incorporated by reference.

72. Plaintiff, complains of DEFENDANTS and prays DEFENDANTS be cited to appear and answer and on the final trial of the merits, Plaintiff recovers from DEFENDANTS the following:

73. Plaintiff would show that all of the above mentioned acts, taken together or singularly, constitute the proximate and/or producing causes of damages sustained by Plaintiff.

74. For breach of contract, Plaintiff is entitled to regain the benefit of its bargain,

13

which is the amount of the claim, together with attorney's fees.

75. For noncompliance with the *Texas Unfair Competition and Unfair Practices Act,* Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the policy, including, but not limited to, direct and indirect consequential damages, mental anguish, court cost and attorney's fees.

76. Plaintiff also seeks treble damages for the knowing misconduct of the acts complained under the D.T.P.A. TEX.BUS. & COM. CODE Section 17.41 and TEX. INS. CODE Section 541.152.

77. For noncompliance with *Texas Prompt Payment of Claims Act*, Plaintiff is entitled to the amount of its claims, as well as eighteen (18) percent per annum post judgment interest, as allowed by law, and for any other further relief, either at law or in equity, to which it may be show itself justly entitled. TEX. INS. CODE Section 542.060.

78. For the breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed and exemplary damages.

## JURY DEMAND

Plaintiff demands a jury trial and has tendered the appropriate fee.

Respectfully submitted,

GAUTHIER, HOUGHTALING &
WILLIAMS, LLP

*[signature]*

James Carlos Canady
State Bar No.: 24034357
Patrick C. McGinnis
State Bar No. 13631900
2323 S. Shepherd, Suite 1002
Houston, TX 77019
Telephone: (713) 343-1614
Facsimile: (713) 630-8074

ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument has been furnished to all counsel of record *Via Certified Mail/Return Receipt Requested, Facsimile and/or First-Class Mail* on this 6TH day of AUGUST, 2010, in accordance with the Texas Rules of Civil Procedure.

_____
Carlos Canady