IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GARY BOOKER | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | C.A. No. 4:10 – CV - 2390 |
| | § | |
| ALLSTATE INSURANCE CO., | § | |
| ALLSTATE TEXAS LLOYD'S and | § | |
| HAAG ENGINEERING CO. | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT HAAG ENGINEERING CO.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED PLEADING, ADD NEW PARTY, AND REMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant HAAG ENGINEERING CO. and files its Response in Opposition to Plaintiff's Memorandum in Support of Motion for Leave to File Amended Pleadings, Add New Party, and Remand, and in support thereof would show as follows:

**I.**

**SUMMARY OF RESPONSE IN OPPOSITION**

This is a professional liability/insurance action in which Plaintiff Gary Booker ("Plaintiff") alleges that Defendant Haag Engineering Co. ("Haag") prepared an engineering report in which "Haag negligently concluded that the damage to [his] property was caused by prior foundation movement and continued movement of foundation," and "negligently concluded that the Hurricane Ike winds were not strong enough to cause structural damage to [his] Property." Based on these allegations, Plaintiff filed his Original Petition in state court, claiming Texas Insurance Code and fraud causes of action against Haag. Defendant Allstate Texas

Lloyd's ("Allstate" or "Lloyd's") has since removed this matter to federal court on the grounds that Plaintiff improperly joined Haag in this lawsuit.

Although Plaintiff has filed a Motion to Remand and requested leave to amend his pleadings in this matter, the Haag should still be dismissed from this cause. Plaintiff's Original Petition and proposed amendment fail to allege facts sufficient to show that Haag is engaged in the business of insurance for purposes of a Texas Insurance Code, and fail to allege fraud claims with specificity as required by Texas law and FED. R. CIV. P. 9(b). For these reasons, Haag should be dismissed from this action because it has been improperly joined.

## II.

## INCORPORATION OF PLEADINGS

In support of this Response, Haag hereby incorporates the arguments and authorities asserted in Lloyd's Response to Plaintiff's Opposed Motion to Remand, on filed with the papers of this Court as Document No. 7, as if set forth fully herein.

## III.

## RESPONSE IN OPPOSITION TO MEMORANDUM

### A. Standard for Determining Improper Joinder to Defeat Diversity Jurisdiction

To establish that a non-diverse defendant has been improperly joined in order to defeat diversity jurisdiction, the removing party must prove "(1) actual fraud in the pleading of jurisdiction facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Rico v. Flores*, 481 F.3d 234, 238-239 (5th Cir. 2007) (quoting *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 573 (5th Cir. 2004)). In this case, Haag does not dispute that it is a Texas resident; the only issue, therefore, is whether Plaintiff can establish a cause of action against Haag in state court. The Fifth Circuit test is to evaluate

"whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* A "reasonable basis" means more than a mere a hypothetical basis. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999) ("whether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiffs' allegations and the pleaded theory of recovery").

In determining whether a party's pleadings are sufficient to establish proper joinder of a non-diverse party, a district court may utilize a Rule 12(b)(6) analysis of the complaint to determine whether the plaintiff states a viable claim. *Smallwood v. Illinois Cent. R. R. Co.*, 352 F.3d 220, 222 (5th Cir. 2003). Under a Rule 12(b)(6) analysis, a plaintiff must provide the grounds of his or her entitlement to relief, and "a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). First the court should look at the pleadings to determine whether the allegations state a claim under state law against the in-state defendant. *Smallwood*, 385 F.3d at 573. If the "plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder," the court may look beyond the pleadings and consider summary judgment-type evidence. *Anderson v. Georgia Gulf Lake Charles*, 342 Fed. Appx. 911, 915 (5th Cir. 2009).

**B. Haag is not "Engaged in the Business of Insurance"**

Plaintiff fails to allege a viable Texas Insurance Code action against Haag because Haag is not "engaged in the business of insurance." Thus, Haag is not a proper defendant to Plaintiff's Texas Insurance Code claims.

In an attempt to assert Texas Insurance Code claims against Haag, Plaintiff alleges that Haag adjusted his claim under the policy issued by Allstate. [See Document No. 7-1, ¶ 10]. Although Haag disputes that it "adjusted" Plaintiff's claim merely by providing an engineering report to Allstate, Texas law does allow suits against insurance adjusters in their individual capacities under the Texas Insurance Code in some circumstances. *See Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 486 (Tex. 1998) (holding that insurance agents can be liable for deceptive or misleading acts under the Texas Insurance Code); *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999) (recognizing that Texas courts permit causes of action against insurance agents for their deceptive acts under the Insurance Code). The Texas Insurance Code applies to "any person" who commits one of the statutes' prohibited acts or practices. *See* TEX. INS. CODE ANN. §§ 541.002-541.003 (Vernon's 2009). Adjusters are considered "persons" under these statutes and may be personally liable for violating the statutes. TEX. INS. CODE ANN. § 541.002; *Blanchard v. State Farm Lloyds*, 206 F.Supp.2d 840, 845 (S.D. Tex. 2001).

However, in order to find a reasonable possibility that a Texas court would allow recovery against an adjuster, the plaintiff must demonstrate that the adjuster, as an individual, committed the violation that caused the harm. *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 544 (5th Cir. 2004). Courts in this circuit have held that "a formulaic recitation of elements of the Texas Insurance Code does not by itself establish a reasonable basis to predict that a plaintiff can recover against an individual insurance adjuster." *Finkelman v. Liberty Mut. Fire Ins. Co.*, 2010 U.S. Dist. LEXIS 56813, *20-21 (S.D.Tex. Feb. 4, 2010) (Lake); *Lakewood Chiropractic*, 2009 U.S. Dist. LEXIS 99854, *3 (S.D. Tex. Oct. 27, 2009) (Werlein); *Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.*, 2009 U.S. Dist. LEXIS 43420, *3-4 (N.D. Tex. May 22, 2009) (McBryde); *First Baptist Church of Mauriceville, Tex. v. GuideOne Mut. Ins. Co.*, 2008 WL

4533729, *6 (E.D. Tex.); *Frisby v. Lumbermens Mut. Cas. Co.*, 2007 U.S. Dist. LEXIS 60654, *4 (S.D. Tex. Feb. 27, 2007) (Miller).

In this case, Plaintiff fails to allege any specific misrepresentation or unfair settlement practice that Haag's engineer, Denis Olsovsky, committed while preparing an engineering report for Plaintiff's property. Instead, Plaintiff's Original Petition and proposed Amended Complaint merely claim that Haag "concluded the damage to [his] property was caused by prior foundation movement and…concluded that Hurricane Ike winds were not strong enough to cause structural damage to the Property." [*See* Document No. 7-1, ¶ 17; Document No. 8-1, ¶ 22]. Plaintiff's Original Petition and proposed Amended Complaint then go on to recite mere elements of Texas Insurance Code claims against all the Defendants by alleging that they misrepresented that the damage to his property was not covered under the policy, failed to make an attempt to settle Plaintiff's claim in a fair matter, failed to explain their reasons for an inadequate offer of settlement, failed to affirm or deny coverage within a reasonable time, and failed to fully compensate him under the terms of the policy. [*See* Document No. 7-1, ¶¶ 18-20; Document No. 8-1, ¶¶ 25-30]. Thus, even if Haag or Denis Olsovsky were adjusters as Plaintiff alleges, Plaintiff's pleadings fail to assert factual allegations that would support viable Texas Insurance Code claims against them.

Plaintiff's claims against Haag appear even weaker if the court pierces the pleadings and conducts a summary judgment type inquiry. Such an inquiry is appropriate in order to identify the presence of discrete and undisputed facts that would preclude a plaintiff's recovery against an in-state defendant. *Smallwood*, 385 F.3d at 574. In this case, the state court record contains a copy of the engineering report that Denis Olsovsky prepared following his review of the Plaintiff's property. [*See* Document No. 1-4, p. 1]. This report clearly indicates that it was

prepared for Allstate, not the Plaintiff. [*See Id.*]. Thus, Haag did not make any representations to the Plaintiff by preparing this report. Additionally, the report does not include any indication that Haag, a professional engineering firm, had a role in making settlement offers to Plaintiff, affirming or denying coverage of Plaintiff's claim through correspondence to the Plaintiff, or communicating whether any settlements or payments would be forthcoming under the policy. [*See* Document Nos. 1-4, 1-5, 1-6].

### C. Plaintiff Fails to Allege Facts to Support Fraud Claims against Haag

Plaintiff's Original Petition and proposed amendment also fail to allege any viable fraud or conspiracy to commit fraud claims against Haag.

In *Finkelman*, the district court considered whether or not a plaintiff had plead viable fraud claims against an adjuster in order to determine if the adjuster had been improperly joined to defeat diversity. *Finkelman*, 2010 U.S. Dist. LEXIS 56813 at *26-27. In support of her fraud claim, the plaintiff had alleged the following:

> [Insurer] and [adjuster] acted fraudulently as to each representation made to [Plaintiff] concerned [sic] material facts for the reason they would not have acted and which [insurer] and [adjuster] knew were false or made recklessly without any knowledge of their truth. The representations were made with the intention that they be acted upon by [Plaintiff], who relied on those representations, thereby causing injury and damage to [Plaintiff].

*Id.* at *26. The district court found that these allegations did not constitute a viable fraud claim because they failed to specify which representation the adjuster made that the plaintiff allegedly relied on. *Id.* In reaching the ruling the court noted that under Texas law, all the elements of fraud and all facts constituting fraud must be properly pleaded to satisfy an allegation of fraud. *Id.* (citing *Rubalcaba v. Pacific/Atlantic Crop Exchange, Inc.*, 952 S.W.2d 552, 556 (Tex. App. -- El Paso 1997). Thus, the court denied the plaintiff's motion to remand the matter to state court because the non-diverse adjuster had been improperly joined in the lawsuit. *Id.* at *27.

Like the plaintiff's pleadings in *Finkelman*, Plaintiff's proposed amended pleadings in this case merely recite the general elements of a fraud claim, without specifying the specific misrepresentations Haag or Denis Olsovsky allegedly made to the Plaintiff. [*See* Document No. 8-1, ¶¶ 57-59]. Moreover, Plaintiff's Original Petition and proposed amended pleadings also fail to satisfy the pleadings requirements set forth in Rule 9(b) of the Federal Rules of Civil Procedure, which requires a plaintiff alleging a fraud claim to "[s]pecify the statements contended to be fraudulent, identify the speaker, state when are where the statements were made, and explain why the statements were fraudulent." FED. R. CIV. P. 9(b); *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177-78 (5th Cir.1997). Thus, Plaintiff fails to plead a viable fraud claim against Haag as a matter of law. Because his fraud claim is inadequate, Plaintiff is also unable to maintain his conspiracy to commit fraud cause of action against Haag. *See, e.g., Ernst & Young L.L.P. v. Pacific Mut. Life, Inc. Co.*, 51 S.W.3d 573, 583 (Tex.2001) (finding that summary judgment on fraud claim disposed of conspiracy to commit fraud claim).

Based on the foregoing, Haag has conclusively demonstrated that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover" against Haag based on the Texas Insurance Code, fraud, and conspiracy to commit fraud claims against in his Original Petition and proposed amended pleadings. *Smallwood,* 385 F.3d at 573. Therefore, Plaintiff has misjoined Haag in this lawsuit, and Haag should be dismissed from this action.

**V.**

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant Haag Engineering requests that Plaintiff's Memorandum in Support of Motion for Leave to File Amended Pleadings be denied,

that Haag be dismissed from this action on the grounds that it has been misjoined in this lawsuit, and that Haag be granted such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

By: Martin S. Schexnayder /CWP

Martin S. Schexnayder
State of Texas Bar No. 17745610
Federal Bar No. 15146
5847 San Felipe, Suite 2300
Houston, Texas 77057
Telephone: (713) 353-2000
Facsimile: (713) 785-7780
Email: Martin.Schexnayder@WilsonElser.com

**Attorney-in-Charge for Defendant**
**HAAG ENGINEERING CO.**

**OF COUNSEL:**

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP**

Claire W. Parsons
State Bar No. 24051159
Federal I.D. No. 637822
5847 San Felipe, Suite 2300
Houston, Texas 77057
Telephone: (713) 353-2000
Facsimile: (713) 785-7780
Claire.Parsons@WilsonElser.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was delivered to all counsel of record by the required method on this the 16th day of August, 2010.

Mr. James Carlos Canady *Via ECF*
Mr. Patrick C. McGinnis
**Gauthier, Houghtaling & Williams LLP**
2323 S. Shepherd, Suite 1002
Houston, Texas 77019
(713) 343-1614 Telephone
(713) 630-8074 Facsimile
*Attorneys for Plaintiff Gary Booker*

Mr. Roger D. Higgins *Via ECF*
Ms. Jacquelyn Chandler
Mr. William N. Radford
**Thompson, Coe, Cousins & Irons LLP**
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
(214) 871-8200 Telephone
(214) 871-8209 Facsimile
*Attorneys for Defendants Allstate Insurance Company and Allstate Texas Lloyd's*

**Claire Parsons**